IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

**EMERALD GRANDE, LLC,**                              Case No. 1:17-bk-0021

      Debtor.                                              Chapter 11

---

**SHREE RAM HOSPITALITY, LLC, a**
**West Virginia limited liability company,**

      Plaintiff,

v.                                                    Adv. Case No.: 1:21-ap-00004

**EMERALD GRANDE, LLC, a Georgia**
**limited liability company,**

      Defendant

## AMENDED ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

Comes now the Defendant, Emerald Grande, LLC (hereinafter "**EG**" or the "**Debtor**"), by and through counsel, and hereby amends its *Answer of Defendant to Plaintiff's Complaint* [Doc. 7] filed by EG in response to the Complaint filed by Shree Ram Hospitality, LLC ("**Plaintiff**"), and states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action against EG upon which relief may be granted, and therefore the Complaint should be dismissed pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, as made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## SECOND DEFENSE

## ANSWER TO COMPLAINT

1. EG admits the allegations contained in Paragraph 1 of the Complaint.

2. EG admits the allegations contained in Paragraph 2 of the Complaint.

3. The allegations of Paragraph 3 of the Complaint are assertions of jurisdiction and legal conclusions to which no response is required. To the extent a response is required, EG admits the allegations of jurisdiction contained in Paragraph 3 of the Complaint.

4. The allegations of Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, EG admits the allegations contained in Paragraph 4 of the Complaint.

5. EG admits the allegations contained in Paragraph 5 of the Complaint.

6. EG admits the allegations contained in Paragraph 6 of the Complaint.

7. EG states the PSA speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof. EG admits the purchase price was $3,000,000.00 and that Plaintiff was obligated to obtain financing for a portion of the purchase price, but denies any remaining allegations in Paragraph 7 of the Complaint.

8. EG admits the allegations contained in Paragraph 8 of the Complaint

9. EG states the PSA speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof, and denies any remaining allegations in Paragraph 9 of the Complaint.

10. EG states the PSA speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof, and denies any remaining allegations in Paragraph 10 of the Complaint.

11. EG states the PSA speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof, and denies any remaining allegations in Paragraph 11 of the Complaint.

12. EG states the First Amendment speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof. EG admits the parties extended the Diligence Period under the PSA to October 26, 2020, but denies any remaining allegations in Paragraph 12 of the Complaint.

13. EG states the Second Amendment speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof. EG admits the parties extended the Diligence Period under the PSA to October 28, 2020, but denies any remaining allegations in Paragraph 13 of the Complaint.

14. EG states the PSA speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof, and denies any remaining allegations in Paragraph 14 of the Complaint.

15. EG states the PSA speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof. EG admits the amount Plaintiff was obligated to finance was $2,065,000, but denies any remaining allegations in Paragraph 15 of the Complaint.

16. EG states the PSA speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof. EG admits Plaintiff had certain obligations to

obtain financing under the PSA and the amendments thereto, but denies any remaining allegations in Paragraph 16 of the Complaint.

17. EG denies the allegations contained in Paragraph 17 of the Complaint.

18. EG states that the allegations contained in Paragraph 18 state a legal conclusion to which no response is required. To the extent a response is required, EG denies the same and demands strict proof thereof.

19. EG states that the letter referenced as the "Termination Letter" speaks for itself. EG admits that Paragraph 19 of the Complaint paraphrases and partially identifies portions of the Termination Letter. EG denies any remaining allegations in Paragraph 19 of the Complaint.

20. EG states that the allegations contained in Paragraph 20 state a legal conclusion to which no response is required. To the extent a response is required, EG denies the allegations contained in Paragraph 20 and demands strict proof thereof.

21. EG denies that Plaintiff properly terminated the PSA, and states that the allegations contained in Paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, EG denies that Plaintiff is entitled to refund of the Deposit, and denies all remaining allegations in Paragraph 21 of the Complaint.

22. EG admits the allegations contained in Paragraph 22 of the Complaint.

23. EG states the PSA speaks for itself as to its terms and therefore denies any allegations inconsistent with the terms thereof. EG denies that Plaintiff is entitled to recover any fees, costs, or expenses as alleged in Paragraph 23 of the Complaint, but affirmatively states that it is entitled to its fees, costs and expenses in defending this action.

24. EG is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 24 of the Complaint, and therefore denies the same and demands strict proof thereof.

25. In response to the allegations asserted in Paragraph 25 of the Complaint, EG admits that an auction was held for the Hotel, and affirmatively states that Plaintiff or its principals participated in the auction, with approved proof of funds of $2,663,688, and further states that this Court approved a sale of the Hotel by Order entered on April 2, 2021 [Doc. 915]. EG denies all remaining allegations contained in paragraph 25 of the Complaint.

26. Responding to paragraph 26 of the Complaint, EG incorporates each of the foregoing responses to the allegations contained in Paragraphs 1 to 25 of the Complaint as if restated verbatim.

27. EG denies the allegations contained in Paragraph 27 of the Complaint.

28. EG states that Paragraph 28 of the Complaint does not require an affirmative response, but denies that Plaintiff is entitled to any of the relief requested in the Complaint.

29. Responding to paragraph 29 of the Complaint, EG incorporates each of the foregoing responses to the allegations contained in Paragraphs 1 to 28 of the Complaint as if restated verbatim.

30. In response to Paragraph 30, EG states that Plaintiff is not entitled to a refund of the Deposit. EG denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. EG denies the allegations contained in Paragraph 31 of the Complaint.

32. EG denies the allegations contained in Paragraph 32 of the Complaint.

33. Except to the extent specifically admitted, explained or qualified herein, EG denies each and every allegation of the Complaint.

## THIRD DEFENSE

EG pleads the affirmative defenses of estoppel, laches, waiver, unclean hands, ratification, consent, and acquiescence as a bar, in whole or in part, to the claims that are asserted in the Complaint.

## FOURTH DEFENSE

EG gives notice it intends to rely upon all other provable defenses as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer, file further pleadings, and assert additional claims and defenses.

## PRAYER FOR RELIEF

WHEREFORE, Emerald Grande, LLC respectfully prays that the Court:

A. Enter judgment dismissing this action *with prejudice*;

B. Award EG its attorneys' fees and costs associated with this action; and

C. Award such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

Emerald Grande, LLC ("**EG**") states as follows for its Counterclaim against Shree Ram Hospitality, LLC ("**Plaintiff**"):

1. EG incorporates by reference paragraphs 5-8, 10, 12, 13, 15, and 16 of Plaintiff's Complaint, as qualified by paragraphs 5-8, 12, 13, 15, and 16 of its Answer.

2. Broadly, the PSA, as amended, provided for Plaintiff's purchase of the Hotel[1] in exchange for the payment of $2,065,000.00 (as defined in the PSA, as amended, and Plaintiff's Complaint, the "**Purchase Price**"). The PSA further contained, among other things, an earnest money requirement in the amount of $50,000.00 (the "**Deposit**") and certain closing conditions.

3. Section 3.2.1 of the PSA provided for the application of the Deposit to the Purchase Price at closing and specified that the Deposit was nonrefundable to Plaintiff, except as expressly set forth in Section 3.2.4 of the PSA. (PSA at § 3.2.1.)

4. Section 3.2.4 of the PSA provided for the refund of the Deposit to Plaintiff, in relevant part: "(iii) Purchaser is unable to obtain financing for a portion of the Purchase Price in the amount of $2,400,000 on or before the date that is 90 days after the Effective Date . . . ." (PSA at § 3.2.4. (iii).)

5. Plaintiff was obligated under the PSA, as amended, to exercise reasonable, good faith efforts to obtain financing for the purchase of the Hotel. (*See* PSA, § 8.10; *see also Manning v. Bleifus*, 166 W.Va. 131, 133, 272 S.E.d 821, 823 (1980) (A condition precedent for financing must be supported by the buyer's "reasonable, good faith efforts to obtain financing."))

6. In reliance on the assurances from Plaintiff of its intent to purchase the Hotel, and in an effort to facilitate a closing, EG agreed to extend the scheduled closing date on two separate occasions. (*See* First Amendment and Second Amendment attached to Plaintiff's Complaint as Exs. 2 and 3, respectively.)

7. Notwithstanding Plaintiff's obligations to exercise due diligence to obtain financing, Plaintiff alleges it was unable to obtain financing for the purchase of the Hotel. (*See* A.P. Complaint, ¶ 17.)

---

[1] All capitalized terms, unless noted otherwise, are as defined in Plaintiff's Complaint.

8. Though requested by EG, Plaintiff has failed and continues to fail to provide sufficient documentation supporting its alleged failure to obtain the requisite financing.

9. By letter dated October 26, 2020, without justification and in default of the PSA, Plaintiff terminated the PSA and demanded return of the Deposit (the "**Termination Letter**").

10. In the Termination Letter, Plaintiff asserted that it was terminating the PSA under "Section 3.2.4 (i) of the Agreement." (Termination Letter at 1.)

11. Section 3.2.4 (i) of the PSA states that the Deposit is refundable to Plaintiff when "Purchaser elects to terminate this Agreement for any reason and provides written notice thereof to Seller prior to the expiration of the Diligence Period . . ." (PSA, § 3.2.4 (i).) This section of the PSA goes on to provide three specific "reasons" for refunding the Deposit to Purchaser, including (i) "in the event of a Seller Default that is not timely cured," (ii) when the "Purchaser is unable to obtain financing," and (iii) "in the event a Disapproved Title Matter cannot be insured against or promptly corrected by Seller." (PSA, § 3.2.4 (ii), (iii), and (iv).)

12. Plaintiff failed to specify a "reason" for terminating the PSA in its Termination Letter.

13. EG was not in default of the PSA at any time prior to Plaintiff's wrongful termination of the PSA.

14. Mere months after wrongfully terminating the PSA, Plaintiff or its principals participated in an auction of the Hotel conducted on March 23-25, with approved proof of funds of $2,663,688.[2]

15. Accordingly, Plaintiff's purported termination of the PSA by and through the Termination Letter resulted in a breach of the PSA by Plaintiff.

---

[2]This Court approved a sale of the Hotel by Order entered on April 2, 2021 [Doc. 915].

16. As a result of the conduct of Plaintiff, and the breach of the PSA, EG has suffered and will continue to suffer harm and damages and has incurred fees and costs in this action to which it is entitled to recover, including, but not limited to, the full amount of the Deposit.

### FIRST CAUSE OF ACTION:
### BREACH OF THE PSA

17. The allegations contained in paragraphs 1 to 15 of this Counterclaim are incorporated by reference herein, as if restated verbatim.

18. EG and Plaintiff entered into a binding contract, the PSA, which was supported by offer, acceptance, and consideration.

19. In the PSA, Plaintiff agreed to purchase the Hotel for the Purchase Price as of the closing date (later extended by the First Amendment and Second Amendment) and to deposit certain funds in escrow.

20. Plaintiff breached the PSA by wrongfully terminating the PSA.

21. EG has been harmed by the breach of Plaintiff under the PSA in an amount to be determined at trial, but in no circumstances less than the amount of the Deposit of $50,000.00.

### SECOND CAUSE OF ACTION:
### DECLARATORY JUDGMENT

22. The allegations contained in paragraphs 1 to 21 of this Counterclaim are incorporated by reference herein, as if restated verbatim.

23. EG is entitled to declaratory judgment from this Court that EG is entitled to the funds on deposit with the Escrow Agent in the amount of $50,000.00.

**WHEREFORE**, EG demands judgment against Plaintiff as follows:

A. Upon Count I, a money judgment against Plaintiff in an amount to be determined at trial, plus pre-judgment and post judgment interest at the maximum rate allowed by law, and legal fees and expenses incurred in prosecuting this matter;

B. Upon Count II, an order from this Court that EG is entitled to the funds on deposit with the Escrow Agent in the amount of $50,000.00;

C. EG's legal fees and expenses incurred in prosecuting and defending this action; and

D. Such other and further relief as to which it is entitled.

Respectfully submitted,

/s/ Steven L. Thomas
Steven L. Thomas (WVSB #3738)
Robert L. Bandy (WVSB #7419)
KAY CASTO & CHANEY PLLC
P. O. Box 2031
Charleston, West Virginia 25327
Telephone: (304) 345-8900
Facsimile: (304) 345-8909
Email: sthomas@kaycasto.com
rbandy@kaycasto.com
*Counsel for the Defendant/Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**In re:**

| | |
|---|---|
| **EMERALD GRANDE, LLC,** | Case No. 1:17-bk-0021 |
| Debtor. | Chapter 11 |

| | |
|---|---|
| **SHREE RAM HOSPITALITY, LLC, a** West Virginia limited liability company, | |
| Plaintiff, | |
| v. | Adv. Case No.: 1:21-ap-00004 |
| **EMERALD GRANDE, LLC, a Georgia** limited liability company, | |
| Defendant | |

### CERTIFICATE OF SERVICE

I do hereby certify that on May 27, 2021, I filed the *Amended Answer of Defendant to Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants:

> Janet Smith Holbrook, Esq.
> Alex Greenberg, Esq.
> Dinsmore & Shohl LLP
> 611 Third Avenue
> Huntington, WV 25701
> Janet.holbrook@dinsmore.com
> Alex.greenberg@dinsmore.com
>   *Counsel for the Shree Ram Hospitality, LLC*

                                                                /s/ Steven L. Thomas
                                                                Steven L. Thomas