**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**EMERALD GRANDE, LLC,**

**Debtor.**                                                                    **Case No. 17-00021**
                                                                                           **Chapter 11**


**SHREE RAM HOSPITALITY, LLC**

    **Plaintiff,**

**v.**                                                                              **A.P. No. 21-00004**

**EMERALD GRANDE, LLC,**

    **Defendant.**

<u>**ANSWER TO COUNTERCLAIM**</u>

Comes Plaintiff and Counterclaim Defendant Shree Ram Hospitality, LLC (the "Plaintiff")

by and through counsel, Janet Smith Holbrook, and for its answer to the Counterclaim [DE #15]

filed by Defendant and Counterclaim Plaintiff Emerald Grande, LLC ("EG" or the "Debtor"),

states as follows:

<u>FIRST DEFENSE</u>

The Counterclaim fails to state a claim against Plaintiff upon which relief may be granted.

<u>SECOND DEFENSE</u>

1.      Answering Paragraph 1 of the Counterclaim, Plaintiff reincorporates by reference

paragraphs 5-8, 10, 12, 13, 15 and 16 of the Complaint.  Plaintiff further states that it is entitled to

the full refund of the $50,000.00 Deposit plus actual damages incurred for delay in returning the

Deposit to Plaintiff, such as interest, costs of this action, and attorneys' fees and costs.

1

2.      Answering Paragraph 2 of the Counterclaim, Plaintiff admits that the PSA required an earnest money deposit of $50,000.00 which Plaintiff paid.  Plaintiff further states that the PSA speaks for itself.  Except as specially admitted herein, Plaintiff states that it is without information or belief sufficient to admit or deny the allegations in said paragraph and therefore denies same and demands strict proof thereof.

3.      Answering Paragraphs 3 and 4 of the Counterclaim, Plaintiff states that the PSA speaks for itself.  Except as specially admitted herein, Plaintiff states that it is without information or belief sufficient to admit or deny the allegations in said paragraphs and therefore denies same and demands strict proof thereof.

4.      Answering Paragraph 5 of the Counterclaim, Plaintiff states that the PSA speaks for itself.  Plaintiff also states that this paragraph asserts allegations which are legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff states that it is without information or belief sufficient to admit or deny the allegations in said paragraph and therefore denies same and demands strict proof thereof.

5.      Answering Paragraph 6 of the Counterclaim, Plaintiff admits that the closing date was extended.  Except as specifically admitted, Plaintiff states that states that it is without information sufficient to admit or deny the allegations in said paragraph and therefore denies same and demands strict proof thereof.

6.      Answering Paragraph 7 of the Counterclaim, Plaintiff admits that it was unable to obtain financing for the purchase of the Hotel.  Except as specifically admitted, Plaintiff states that states that it is without information sufficient to admit or deny the allegations in said paragraph and

2

therefore denies same and demands strict proof thereof.

7.      Answering Paragraph 8 of the Counterclaim, Plaintiff denies the allegations therein and demands strict proof thereof.  Plaintiff states that is has provided EG with information sufficient to support Plaintiff's unsuccessful efforts to obtain financing.

8.      Answering Paragraph 9 of the Counterclaim, Plaintiff admits that it sent the Termination Letter and demanded return of the Deposit.  Except as specifically admitted, Plaintiff denies the allegations of this paragraph.

9.      Answering Paragraph 10 of the Counterclaim, Plaintiff states that the Termination Letter speaks for itself.

10.      Answering Paragraph 11 of the Counterclaim, Plaintiff states that the PSA speaks for itself.

11.      Answering Paragraph 12 of the Counterclaim, Plaintiff denies the allegations in this paragraph and demands strict proof thereof.

12.      Answering Paragraph 13 of the Counterclaim, Plaintiff denies that it wrongfully terminated the PSA.  As to the remaining allegations of this paragraph, Plaintiff is without information sufficient to admit or deny the allegations and therefore denies the allegations and demands strict proof thereof.

13.      Answering Paragraph 14 of the Counterclaim, Plaintiff denies the allegations as to Plaintiff and demands strict proof thereof.  Plaintiff states that it is irrelevant whether principals of Plaintiff participated in the March 23 – 25 auction.  EG's records speak for themselves as to the March 23 – 25 auction.  Except as stated herein, Plaintiff denies the allegations of this paragraph

3

and demands strict proof thereof.

14.     Answering Paragraph 15 of the Counterclaim, Plaintiff denies the allegations and demands strict proof thereof.

15.     Answering Paragraph 16 of the Counterclaim, Plaintiff denies the allegations and demands strict proof thereof.

16.     Answering Paragraph 17 of the Counterclaim, Plaintiff incorporates its answers to Paragraph 1 through 16 of the Counterclaim.

17.     Answering Paragraphs 18 and 19 of the Counterclaim, Plaintiff states that these allegations constitute legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff states that it is without information sufficient to admit or deny the allegations and therefore denies the allegations and demands strict proof thereof.

18.     Answering Paragraphs 20 and 21 of the Counterclaim, Plaintiff denies the allegations and demands strict proof thereof.

19.     Answering Paragraph 22 of the Counterclaim, Plaintiff incorporates its answers to Paragraph 1 through 21 of the Counterclaim.

20.     Answering Paragraph 23 of the Counterclaim, Plaintiff denies the allegations.

21.     Except as hereinabove specifically admitted, Plaintiff denies each and every allegation in the Counterclaim, including without limitation the demands and/or prayers for relief.

THIRD DEFENSE

Plaintiff reserves the right to rely upon each and every affirmative defense that may prove applicable, including but not limited to, each and every defense as set forth in Rules 8, 9, 12, and

4

22157233.2

19 of the Federal Rules of Civil Procedure and the Bankruptcy Rules.

FOURTH DEFENSE

Plaintiff states that it used good faith reasonable efforts to obtain financing and is entitles to a full refund of the $50,000.00 Deposit plus actual damages incurred for delay in returning the Deposit to Plaintiff, such as interest, costs of this action, and attorneys' fees and costs.

Plaintiff and Counterclaim Defendant Shree Ram Hospitality, LLC, having fully answered the Counterclaim, requests that the Counterclaim be dismissed and for such other and further relief as this Court deems appropriate.

SHREE RAM HOSPITALITY, LLC

By     /s/ Janet Smith Holbrook
                    Of Counsel

Janet Smith Holbrook (WV Bar No. 5853)
Dinsmore & Shohl LLP
611 Third Avenue
Huntington, WV 25701
(304) 691-8330
Fax (304) 522-4312
janet.holbrook@dinsmore.com

Counsel for Plaintiff and Counterclaim Defendant
Shree Ram Hospitality, LLC

5

22157233.2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EMERALD GRANDE, LLC,**

**Debtor.**                                                        **Case No. 17-00021**
                                                                  **Chapter 11**


**SHREE RAM HOSPITALITY, LLC**

      **Plaintiff,**

**v.**                                                              **A.P. No. 21-00004**

**EMERALD GRANDE, LLC,**

      **Defendant.**

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that true and correct copies of the foregoing **"Answer to Counterclaim"** on each of the parties and at the addresses set forth below either electronically, where noted, or via U.S. mail, postage prepaid, on the 17th day of June, 2021.


Steven L. Thomas *(served electronically)*
KAY CASTO & CHANEY PLLC
P.O. Box 2031
Charleston, WV 25327


          /S/   Janet Smith Holbrook
          Janet Smith Holbrook, WV Bar No. 5853

22157233.2